# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TAKIA COE,

      Plaintiff,

      v.                                     Case No. 10-C-915

CITY OF MILWAUKEE
HOUSING AUTHORITY,

      Defendant.

---

# DECISION AND ORDER

---

## NATURE OF CASE

On October 1, 2010, the plaintiff, Takia Coe, filed this action against the City of Milwaukee Housing Authority (HACM) in Milwaukee County Circuit Court. The complaint, which was filed pursuant to Wis. Stat. § 68.13, challenged the defendant's decision to terminate the plaintiff's benefits under the Section Eight Housing Choice Voucher Program (Program). On October 14, 2010, the defendant removed this matter to federal court, asserting that the case is governed by the federal regulations which apply to the federally-funded rent assistance program from which the plaintiff was terminated.

On January 25, 2011, after holding a hearing on the matter, this court granted the plaintiff's motion for a preliminary injunction. On March 28, 2011, the plaintiff amended her complaint and included a claim pursuant to 42 U.S.C. § 1983.

On June 30, 2011, each party filed a motion for summary judgment. By Decision and Order dated June 4, 2012, this court granted in part and denied in part each party's motion for summary judgment. The court granted the plaintiff's § 1983 claim with respect to whether the notice issued by the defendant was constitutionally sufficient. See Court's Decision and Order

of June 4, 2012, at 18. The court denied the plaintiff's other § 1983 claims and the Wis. Stat. § 68.13 claims and granted the defendant's motion on these grounds. See id. Judgment was entered accordingly on June 5, 2012. See Judgment of June 5, 2012, at 1.

On July 3, 2012, the plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(a),(b)(1), and (b)(6). The defendant filed a response. The plaintiff did not file a reply brief and the time to do so has passed. This motion will be addressed herein.

## MOTION TO ALTER OR AMEND THE JUDGMENT

Rules 59 and 60 of the Federal Rules of Civil Procedure provide for motions to alter or amend a judgment or seek relief from a final order or judgment, respectively. A motion filed under Rule 59(e) to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). A Rule 60(b) motion must be filed "within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment[.]" Fed. R. Civ. P. 60(c)(1). Whether a motion should be analyzed under Rule 59(e) or 60(b) depends on the substance of the motion, not on the timing or label affixed to it. Obriecht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008) (citing Borrero v. City of Chicago, 456 F.3d 698, 701-02 [7th Cir. 2006]).

Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chicago School Reform Bd. of Trs., 233 F.3d 524, 529 [7th Cir. 2000]). In order to prevail on a Rule 59(e) motion, a movant must "clearly establish" a manifest error of law or fact. Id. (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 [7th Cir. 2001]). A manifest error is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v.

<u>Metro. Life Ins. Co.</u>, 224 F.3d 601, 606 (7th Cir. 2000).

Vacating a judgment under Rule 60(b) is permissible for several reasons, including mistake, excusable neglect, newly discovered evidence, and fraud. <u>See</u> Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." <u>Harrington</u>, 433 F.3d at 546 (quoting <u>Karraker v. Rent-A-Center, Inc.</u>, 411 F.3d 831, 837 [7th Cir. 2005]).

The plaintiff states that her motion is filed pursuant to both Rules 59(e) and 60(b)[1], Accordingly, this motion will be considered under both rules.

## ANALYSIS

In her motion, the plaintiff asserts that the court's judgment should be amended in several respects. First, she contends that the judgment should be amended to delete reference to the case being dismissed because she believes this is inconsistent with the court's decision granting partial judgment in her favor. She also maintains that the case should not be dismissed because the court failed to address her state common law certiorari claim. Second, the plaintiff states that the judgment should be amended to include $1.00 in nominal damages for the plaintiff on her successful § 1983 claim with respect to the deficient notice provided by the defendant. Third, the plaintiff maintains that the judgment must be altered because she is still entitled to state common law certiorari even if the defendant opted out of Wis. Stat. Chap. 68 and that the defendant's August 25, 2010, decision to terminate the plaintiff from the Program should be overturned.

In response, the defendant maintains that the judgment was correct. Specifically, the defendant states that it was proper to dismiss the case because the judgment granted the

---

[1] The plaintiff also states that her motion is filed pursuant to Rule 60(a), which provides for relief for a judgment or order based on "clerical mistake or a mistake arising from oversight or omission . . . ." F.R.C.P. 60(a).

appropriate relief by requiring the defendant to issue a new notice and dismissing those claims for which summary judgment was granted in the defendant's favor. The defendant further contends that the plaintiff is seeking an award of $1.00 in nominal damages only so that she may seek attorney's fees, which would be an "exorbitant penalty" for an organization such as the defendant. (Defendant's Response Brief to Plaintiff's Rule 59 and Rule 60 Motion [Defendant's Response], at 6). In addition, the defendant states that the court should not amend its judgment to overturn the defendant's August 25, 2010, decision because the judgment already requires the defendant to issue a new notice and hold a new hearing, which will require the defendant to issue a new decision.

With respect to the plaintiff's contention that the judgment should be amended to include an award of $1.00 in damages for the claim on which she was a prevailing party, this issue was addressed in Carey v. Piphus, 435 U.S. 247 (1978). In Carey, the district court found that the student plaintiffs had been suspended from public school without procedural due process. However, because the students did not prove an actual injury, the district court did not award money damages. The district court made no finding with respect to whether the students would have been suspended even if they had received due process. On appeal, the court of appeals found that the plaintiffs were entitled to substantial damages even if they had suffered no injury.

Upon review, the United States Supreme Court held that "the basic purpose of a §1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights . . .." Id. at 254. Thus, the Court found that the substantial damages awarded were improper because the plaintiffs had established no injury, and reversed the decision of the court of appeals. Id. at 267. However, the Court found that nominal damages were appropriate even if the defendants would have been suspended if they had been given

- 4 -

due process. "[T]he right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions and because of the importance to organized society that procedural due process be observed . . .." Id. at 266. Thus, the Court found that the plaintiffs were entitled to nominal damages amounting to one dollar. Id.

Just as in Carey, this court found that the plaintiff was denied her procedural due process rights with respect to the sufficiency of the notice issued by the defendant. Therefore, even though this court made no finding regarding whether the plaintiff still would have been terminated from the program if she had received a constitutionally sufficient notice, nominal damages are appropriate in this case.

In opposing the plaintiff's motion, the defendant contends that the plaintiff is seeking nominal damages only "so that she can make a claim for attorney's fees." (Defendant's Response at 6). However, the plaintiff has not moved for attorney's fees at this juncture of the proceedings.[2] Even if the plaintiff is seeking nominal damages only so that she may seek attorney's fees, that would not be a proper basis on which to deny the request. Accordingly, the plaintiff's motion will be granted on the issue of nominal damages. The court's decision and order of June 4, 2012, and the court's judgment both will be amended to reflect an award of nominal damages to the plaintiff in the amount of $1.00 for her § 1983 claim with respect to the notice.

In her motion, the plaintiff asserts that she is entitled to state common law certiorari review in connection with both of her remaining grounds for reconsideration – that the action should not have been dismissed and that the defendant's decision terminating the plaintiff

---

[2] Although final judgment has been entered in an action, a prevailing party may still move for attorney's fees. The entry of judgment need not be delayed for the determination of entitlement to or the amount of attorney's fees. See Exch. Nat'l Bank v. Daniels, 763 F.2d 286, 291-94 (7th Cir. 1985). A motion for attorney's fees "does not imply a change in the judgment, but merely seeks what is due because of the judgment." White v. N.H. Dep't of Emp't Sec., 455 U.S. 445, 452 (1982).

from the Program should be overturned. The plaintiff contends that she brought a claim for state common law certiorari review which this court did not address. The plaintiff's brief in support of her motion states that "[t]he court's holding that the defendant opted out of Chapter 68 does not preclude Ms. Coe from relief under state common law certiorari." (Plaintiff's Brief in Support of Motion Under Rule 59[e] and 60[a][b][1] and [b][6] [Plaintiff's Brief], at 6). The plaintiff maintains that common law certiorari review is a "state law vehicle through which [the defendant's] disregard of federal law could be reviewed." Id. at 5. Thus, the main issue is whether the plaintiff sufficiently pled a claim for state common law certiorari in her First Amended Complaint such that the defendant had notice of the claim.

To state a cognizable claim under federal notice pleading, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and the statement need only "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 [1957]). However, a "formulaic recitation of the elements of a cause of action will not do" for the purpose of notice pleading. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The court has carefully reviewed the pleadings and submissions in this matter. The plaintiff's complaint was originally filed in state court and brought a single claim seeking certiorari review. The defendant removed the complaint to federal court, asserting that federal law applied. The plaintiff subsequently filed a First Amended Complaint, which states in relevant part:

# I. PRELIMINARY STATEMENT

1.  This is a § 1983 action for declaratory and injunctive relief on behalf of the plaintiff, Takia Coe. Takia Coe alleges that the defendant, the Housing Authority of the City of Milwaukee, its agents and employees, unlawfully terminated her federal Section Eight Housing Choice Voucher Program benefits, in violation of her right to Due Process under the 14th Amendment to the United States Act of 1937, as amended (42 U.S.C. § 1437f, et. seq.), and the implementing regulations, (24 CFR Part 982). The plaintiff alleges that the defendant, individually, and through its agents and employees, acted under color of state law in terminating the plaintiff's federal Section Eight Housing Choice Voucher benefits.

2.  The plaintiff also claims relief pursuant to sec. 68.13 of the Wisconsin Statutes for review and reversal of the decision by the defendant, its agents and employees, and by the defendant's rent assistance program, to terminate plaintiff's Section Eight Housing Choice Voucher Program benefits.

(Plaintiff's First Amended Complaint at 1).

The portion of the plaintiff's First Amended Complaint which sets forth her certiorari

claim states as follows:

# VII. CLAIM II - CERTIORARI

27.  The plaintiff realleges all of the above as if stated herein.

28.  The defendant failed to conduct an administrative appeal hearing pursuant to the requirements set forth within Chapter 68 of the Wisconsin Statues. Specifically, the hearing officer failed to swear any witnesses, failed to mark and preserve all exhibits, and did not allow the plaintiff to cross examine witnesses or submit evidence. *See, Wis. Stat. § 68.11(2) & (3)*.

29.  The Decision of Informal Review/Hearing (*Exhibit D*) is not supported by substantial admissible evidence.

30.  The defendant's actions violated Wis. Stat. § 68.12 which requires a municipal decision maker to mail or deliver a written determination to the appellant within 20 days of completion of a hearing conducted under Wis. Stat § 68.11 and the filing of any briefs.

31.  Upon information and belief, the City of Milwaukee has not enacted an ordinance opting out of Chapter 68. If the City of Milwaukee has opted out of Chapter 68, they have failed to pass an ordinance or resolution setting forth an alternative procedural process governing administrative appeals. *See Wis. Stat. § 68.16*.

32.  Plaintiff seeks reversal of the defendant's decision because: 1) the decision was arbitrary, oppressive, and unreasonable, representing its will instead of its judgment because the evidence is insufficient to serve as a basis therefor; 2) the defendant proceeded on an incorrect theory and interpretation of relevant law in making its decision; and 3) the denial was

unreasonable based on the evidence presented.

(Plaintiff's First Amended Complaint at 5-6).  The First Amended Complaint only states one other cause of action, the plaintiff's § 1983 claim.  The portion of her First Amended Complaint which sets forth her § 1983 claim is the only section that also references federal law.

The First Amended Complaint does not specify that the plaintiff is asserting a state common law certiorari claim.  While the court is aware that summary judgment briefing is not relevant as to whether the plaintiff sufficiently pled a cause of action for state common law certiorari, in this case it provides some insights into this issue.  When addressing the shortcomings of the hearing, for example, the plaintiff specifically asserted that the shortcomings were part of the defendant's policy and practice, clearly tying that portion of her argument to her § 1983 claim as opposed to a state common law certiorari claim.  See Plaintiff's Brief in Support of Her Motion for Summary Judgment, at 16.  The plaintiff did not raise the issue of state common law certiorari in her own motion for summary judgment.  In fact, she did not mention state common law certiorari review until her reply brief in support of her motion for summary judgment and her brief in response to the defendant's motion for summary judgment.  See Plaintiff's Reply Brief in Support of her Motion for Summary Judgment (Plaintiff's Reply Brief), at 9-10; Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment (Plaintiff's Brief in Opposition), at 13.  Even then, any reference to state common law certiorari was brief – it was mentioned in a single sentence in her reply brief, followed by a case citation with no explanation.  The plaintiff wrote that the "Amended Complaint clearly states a state law claim for judicial review via state law certiorari, and [the defendant's] unlawful decisions are subject to judicial review via common law certiorari, if not statutory certiorari."  (Plaintiff's Reply Brief, at 9-10) (citing Franklin v. Housing Authority of the City of Milwaukee, 155 Wis. 2d 419, 424-25 [Wis. App. 1990]).

- 8 -

In a portion of her response brief dedicated to asserting that her Wis. Stat. Chap. 68 claim is neither moot nor precluded, the plaintiff included four sentences about a "state law basis for reversal," but did not clarify that this was common law certiorari nor claim that she pled this basis for relief in her First Amended Complaint. See Plaintiff's Brief in Opposition, at 13. In a footnote in her reply brief, the plaintiff asserted that she had pled state law grounds for review separate and apart from Wis. Stat. Chap. 68, but had decided not to raise these claims in her motion for summary judgment. See Plaintiff's Reply Brief, at 9, n.5. The plaintiff correctly noted that she was not required to move for summary judgment on every claim. However, as state common law certiorari review is limited to issues of law and summary judgment is intended to address issues of law, it is unclear when or how the plaintiff intended to raise her claim for state common law certiorari review if not via summary judgment.

Throughout the briefing of the motions, the defendant repeatedly maintained that the plaintiff had not pled any state law claims in her First Amended Complaint, except for those premised solely on Wis. Stat. Chap. 68. See Defendant's Response Brief in Opposition to Plaintiff's Motion for Summary Judgment, at 3-4; Defendant's Summary Judgment Brief, at 10; Defendant's Reply Brief in Support of Summary Judgment, at 8-9. Thus, the defendant also did not read the First Amended Complaint to include a claim for state common law certiorari.

When addressing the parties' summary judgment motions, this court found that the plaintiff had raised her claims regarding the hearing and the decision only under 42 U.S.C. §1983:

> With respect to the plaintiff's claims that the defendant violated her due process rights, it is important to note that the plaintiff's amended complaint asserts these claims only under 42 U.S.C. § 1983 and that HACM is the only defendant. A municipal organization that deprives a person of a federal right may be held liable under Section 1983 only if the deprivation results from a policy, custom, or practice of the organization.

- 9 -

(Decision and Order of June 4, 2012, at 12). Because the plaintiff had proposed no facts to support her custom and practice assertion with respect to the hearing and had not argued that the issues with respect to the decision were the result of a custom and practice of the defendant, this court found that these claims failed. Id. at 12-13. The court concluded that the plaintiff had not presented a dispute of material fact that would prevent it from entering summary judgment in favor of the defendant. Consequently, summary judgment on these claims was granted in favor of the defendant and the claims were dismissed. See id. at 18.

After a full review of the pleadings and briefing in this matter, this court concludes that its original decision was correct. The First Amended Complaint does not mention state common law certiorari review as a separate claim. It simply does not provide the defendant with "fair notice" that such a claim was presented. Twombly, 550 U.S. at 555. Accordingly, this court will not amend or alter its earlier decision and judgment on these grounds and these portions of the plaintiff's motion will be denied.

The plaintiff also contends in her motion to alter or amend the judgment that the case should not have been dismissed, stating that dismissal "is not appropriate where the judgment grants some relief because a judgment in an action that has been dismissed may not be enforced." Id. (citing Kokkonen v. Guardian Life Ins. of Am., 511 U.S. 375 [1994]). In Kokkonen, the parties settled their claims and filed a stipulation for dismissal of the case with prejudice, which the court then signed and entered. The parties later disputed their obligations pursuant to the settlement agreement and one party moved for the district court to enforce the agreement. The court concluded that it did not have jurisdiction to enforce the agreement because the new dispute was "a claim for a breach of contract, part of the consideration for which was the dismissal of an earlier federal suit." Kokkonen, 511 U.S. at 381. The court found there was no basis for federal jurisdiction over the breach of contract claim.

In this case, it appears that the plaintiff believes it is necessary for this court to retain jurisdiction over the action in order to ensure that the defendant complies with the court's order to issue a new notice. That is not the holding in <u>Kokkonen</u>. The instant case was dismissed because all claims had been adjudicated. The court ordered the defendant to issue a new notice that complies with due process and grant the plaintiff a new hearing if she so requests. Thus, as discussed by the court in <u>Kokkonen</u>, federal courts do have ancillary jurisdiction to enforce an order after dismissal:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision . . . or by incorporating the terms of the settlement agreement in the order.

<u>Id.</u> at 380-81. In the event the defendant does not comply with the order, the plaintiff may move to reopen the case.

In sum, the plaintiff's motion will be granted with respect to the issue of nominal damages. The court's decision and order of June 4, 2012, and judgment both will be amended to reflect that the plaintiff is awarded nominal damages in the amount of $1.00 for her §1983 claim with respect to the sufficiency of the notice she received. The plaintiff's motion will be denied on all other issues.

## CONCLUSION

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to alter judgment and motion for relief from judgment be and hereby is **granted in part and denied in part** as stated herein. (Docket #74).

**IT IS ALSO ORDERED** that the court's Decision and Order dated June 4, 2012, be and hereby is amended to reflect that the plaintiff is awarded $1.00 in damages on her §1983 claim with respect to the sufficiency of the notice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall amend the court's Judgment dated June 5, 2012, to reflect that the plaintiff is awarded $1.00 in damages on her §1983 claim with respect to the sufficiency of the notice.

Dated at Milwaukee, Wisconsin this <u>19th</u> day of December, 2012.

BY THE COURT:


<u>s/ Patricia J. Gorence</u>
PATRICIA J. GORENCE
United States Magistrate Judge